# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 07-28-P-H |
| | ) | |
| VODIE GOODMAN, | ) | |
| Defendant | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On October 18, 2010, the United States Magistrate Judge filed with the court her Recommended Decision on 28 U.S.C. § 2255 Motion. The defendant filed his objection to the Recommended Decision on November 4, 2010. I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, and determine that no further proceeding is necessary.

I add the following. First, as the sentencing judge, I understood fully the discretion I possessed after Booker and I acted accordingly when I sentenced Mr. Goodman. Second, to the extent that Mr. Goodman is making constitutional arguments because a jury did not find what he calls the 4B1.1 enhancement, Supreme Court and First Circuit cases reject that argument. United States v. Booker, 543 U.S. 220, 244 (2005); United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005) (The Booker error "is not that a judge (by a preponderance of the evidence) determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guidelines system."); United States v. Moore, 286 F.3d 47, 51 (1st Cir.2002) (Even under pre-Booker law, "the rationale of Apprendi does not apply to sentence-enhancement provisions based upon prior criminal

convictions."); United States v. Lewis, 406 F.3d 11, 20 n.11 (1st Cir. 2005) (post-Booker it remains the law that "prior criminal convictions are not facts that a jury must find beyond a reasonable doubt.").

I also recognize Mr. Goodman's argument that the prior conviction discussed in ¶ 36 of the presentence investigation report should not be counted. Because only "two prior felony convictions" are required for career offender status under U.S.S.G. § 4B1.1 and the presentence investigation report indicated that Mr. Goodman had three prior felony convictions, it would make no difference to the guideline calculation if the ¶ 36 conviction were omitted. Likewise, the elimination of the ¶ 36 conviction would make no difference to my sentence under the Booker analysis. Even if it should not count as a "conviction" because it was ultimately "dismissed," the probation officer's description in ¶ 36 of what actually occurred corresponds with what Mr. Goodman says in his "traverse."

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The defendant's motion for 28 U.S.C. § 2255 relief is **DENIED** and the defendant's motion for appointment of counsel is **DENIED**.

I also find that no certificate of appealability should issue in the event the defendant files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 2D DAY OF DECEMBER, 2010**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

2