UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| VODIE GOODMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:07-cr-00028-DBH |
| | ) | 2:16-cv-00255-DBH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner Vodie Goodman, also known as Rick, has filed a second or successive motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 79.) Petitioner cites *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), as one of his bases for relief. (Motion at 13.)

Petitioner was convicted in 2007 of multiple counts of drug and firearms charges.[1] (Judgment, ECF No. 37 at 1-2.) The Court sentenced Petitioner to a total prison term of 322 months. (*Id.* at 3.) Petitioner appealed from the sentence, and the First Circuit affirmed. (*United States v. Goodman*, No. 07-2750 (1st Cir. Mar. 26, 2009), ECF No. 50.) The United States Supreme Court denied his petition for a writ of certiorari. *Goodman v. United States*, 130 S. Ct. 185 (2009).[2]

---

[1] Petitioner was convicted of (1) conspiracy to possess with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) (Count 1); (2) possession with intent to distribute 50 grams or more of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 2); (3) being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 3); (4) using a firearm in connection with a federal drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (Count 4); and a forfeiture count, 21 U.S.C. § 853 (Count 5).[1] (Judgment, ECF No. 37 at 1-2.)

[2] In 2009, and again in 2015, Petitioner filed a pro se motion to reduce the sentence. (Motions, ECF Nos. 51, 76.) This Court denied both motions. (Orders, ECF Nos. 52, 77.) The First Circuit affirmed the first of the orders and noted that Petitioner's "original guideline range was based on his status as a career offender, rather than on the since-amended crack guidelines." (*United States v. Goodman*, No. 09-2259 (1st Cir. May 26, 2010), ECF No. 58.)

In October 2010, Petitioner filed a section 2255 motion. (ECF No. 61.) The Court denied Petitioner's request for counsel and denied relief. (Recommended Decision, ECF No. 63; Order Affirming, ECF No. 66.) The First Circuit interpreted Petitioner's notice of appeal of the denial of his section 2255 motion as a motion for a certificate of appealability, and the Court denied the motion on the basis that Petitioner failed to demonstrate a "'substantial showing of the denial of a constitutional right.'" (*Goodman v. United States*, No. 10-2489 (1st Cir. Feb. 22, 2011) (quoting 28 U.S.C. § 2253(c)(2)), ECF No. 73.)

In 2012, Petitioner filed an application in the First Circuit for permission to file a second or successive section 2255 petition; the First Circuit denied the application. (*Goodman v. United States*, No. 12-1483 (1st Cir. May 14, 2012), ECF No. 75.) On May 16, 2016, Petitioner filed a second or successive section 2255 motion. (Motion, ECF No. 79.)

This Court lacks jurisdiction to consider a second or successive section 2255 motion unless the First Circuit has specifically authorized the Court to consider it. Section 2244 applies to second or successive section 2255 motions, pursuant to section 2255(h). Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See also* First Circuit Rule 22.1. The First Circuit has held: "We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward.'" *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (quoting *Pratt v. United States*, 129 F.3d 54, 57 (1st Cir. 1997)). A review of the record reveals that Petitioner apparently

---

Similarly, in this Court's denial of the second motion to reduce the sentence, the Court noted that Petitioner's guideline range "was driven by his status as a career offender, and not by the guideline drug table." (Order, ECF No. 77.)

has not applied to the First Circuit for permission to file the pending second or successive motion. *See* 28 U.S.C. §§ 2244, 2255.

Because the record lacks any evidence that the First Circuit has authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion. First Circuit Rule 22.1(e) provides that if a second or successive section 2255 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition."[3] The issue, therefore, is whether the Court should dismiss or transfer the matter.

Given that Petitioner relies on the Supreme Court's ruling in *Johnson* to support his motion and given that the one year limitations period for filing *Johnson*-related motions might soon expire, transfer is appropriate. *See United States v. Barrett*, 178 F.3d 34, 41 n.1 (1st Cir. 1999) (holding that transfer is not mandated, but noting "that transfer may be preferable in some situations in order to deal with statute of limitations problems or certificate of appealability issues"); *In re Watkins*, 810 F.3d 375, 378 (6th Cir. 2015) (noting that the district court had transferred to the circuit court,

---

[3] Title 28 U.S.C. § 1631 states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

First Circuit Rule 22.1(e) states:

> If a second or successive § 2254 or § 2255 petition is filed in a district court without the requisite authorization by the court of appeals pursuant to 28 U.S.C. § 2244(b)(3), the district court will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631 or dismiss the petition. If the petition is transferred, the petitioner must file a motion meeting the substantive requirements of Loc. R. 22.1(a) within 45 days of the date of notice from the clerk of the court of appeals that said motion is required. If the motion is not timely filed, the court will enter an order denying authorization for the § 2254 or § 2255 petition.

pursuant to section 1631, a second or successive section 2255 motion containing a claim under *Johnson*, 135 S. Ct. 2551, for the circuit court to consider whether to authorize the motion as a second or successive section 2255 motion).[4]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court transfer the pending section 2255 motion to the First Circuit, pursuant to 28 U.S.C. § 1631 and First Circuit Rule 22.1(e). I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of June, 2016.

---

[4] Because the transfer statute, 28 U.S.C. § 1631, specifically provides that the "action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred," the transfer recommendation anticipates that if the First Circuit authorizes Petitioner's second or successive section 2255 motion after the expiration of the one-year limitation period, Petitioner's section 2255 motion would be reinstated to this Court's docket and would be considered to have been timely filed.