UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:07-CR-28-DBH |
| | ) |
| VODIE GOODMAN, | ) |
| | ) |
| DEFENDANT | ) |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On July 28, 2020, Vodie Goodman filed a motion for compassionate relief under the CARES Act and the First Step Act, 18 U.S.C. § 3582(c) (ECF No. 95). The CARES Act gives authority only to the Bureau of Prisons, not the court, to move a defendant to home confinement. Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).

With respect to the First Step Act, Goodman tells me he first requested relief from the Warden, as the statute requires, and that the Warden rejected his request. 18 U.S.C. § 3582(c)(1)(A) (permitting the court to modify a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). He cites Exhibits A and B to

demonstrate those actions, but he has not attached those exhibits.[1]  I assume they support his assertion.

Goodman tells me he has decided not to pursue his appeal rights within the Bureau of Prisons "because it would be futile or cause unnecessary delay." Def.'s Mot. at 12 (ECF No. 95).  But I have previously held that when the Warden issues a timely negative ruling on a request for compassionate relief, a defendant prisoner is obliged to pursue those administrative remedies:

> I join those courts that have concluded that the 30-day language is designed to ensure that the Warden acts timely and that when she does, the prisoner needs to exhaust his administrative appeal rights before proceeding to court.

United States v. Rembert, No. 2:12-CR-66-DBH, 2020 U.S. Dist. LEXIS 107423, at *2-3 (D. Me. June 19, 2020); see also United States v. Miller, No. 2:16-CR-00269, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request.  In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days."); United States v. Weidenhamer, No. CR-16-01072-001, 2019 WL 6050264, at *4 (D. Ariz. Nov. 8, 2019) ("[T]he better reading is to require administrative exhaustion if a warden acts on a request within 30 days.  The statute requires a defendant submit a request to her warden.  If the warden acts on that request in a timely manner, it is appropriate to require a defendant to

---

[1] He has also not attached Exhibit C, which he says contains his medical records.

pursue an administrative appeal."). But see United States v. York, No. 3:11-CR-76, 2019 WL 3241166, at *5-6 (E.D. Tenn. July 18, 2019).

Since Goodman has not shown that he has fully exhausted his administrative rights to appeal the Warden's decision, his motion is **DENIED WITHOUT PREJUDICE**. And because his First Step Act motion is not ready to proceed in court, it is unnecessary to appoint counsel at this time. See United States v. Gutierrez, No. CR 06-40043-FDS-2, 2020 WL 1667710, at *2 (D. Mass. Apr. 3, 2020) (denying motion to appoint counsel to assist with First Step Act claim after concluding defendant was not eligible for relief under the Act). His motion to appoint counsel is therefore **DENIED**.

**SO ORDERED.**

**DATED THIS 30TH DAY OF JULY, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**