UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:07-CR-28-DBH |
| | ) | |
| VODIE GOODMAN, | ) | |
| | ) | |
| DEFENDANT | ) | |

**PROCEDURAL ORDER ON MOTION FOR COMPASSIONATE RELEASE**

I recently learned in United States v. Faucette, 2:13-cr-79-DBH-01, that the Department of Justice takes the position that a prisoner is not required to exhaust administrative appeal remedies within the Bureau of Prisons before filing a motion in court under the First Step Act, and may file the motion 30 days after submitting a request for compassionate release to the Warden, regardless of whether the Warden denied the request. Gov't Resp. to Procedural Order, United States v. Faucette, 2:13-cr-79-DBH-01 (D. Me. Aug. 5, 2020) (ECF No. 266).

In this case, without knowing that the Justice Department believes exhaustion is not required, I earlier denied without prejudice Goodman's request for judicial relief of compassionate release from prison because he had not exhausted administrative appeals. Order (ECF No. 97). But as I said in Faucette, the government can waive the exhaustion requirement, and I treat it now as having done so. Second Procedural Order, United States v. Faucette, 2:13-cr-79-DBH-01 (D. Me. Aug. 11, 2020) (ECF No. 267).

I therefore no longer rely upon the failure to exhaust as a basis for denying the motion.  But I do not proceed to the merits of Goodman's request for compassionate release because on August 18, 2020, he filed a document stating that he did not intend to file the motion and that a previous, well-intentioned, cellmate had mailed it without exhibits before Goodman was ready.  (ECF No. 98).

Instead, I will wait until Goodman files his motion with the exhibits he wants to append.

**SO ORDERED.**

**DATED THIS 19TH DAY OF AUGUST, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**