UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:07-CR-28-DBH |
| | ) |
| VODIE GOODMAN, | ) |
| | ) |
| DEFENDANT | ) |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

The defendant Vodie Goodman has filed a motion for compassionate release and appointment of counsel (ECF No. 100).[1]

Goodman is 58 years old and imprisoned at FCI Schuylkill in Pennsylvania. I sentenced him on November 28, 2007, to 322 months in prison for crack and cocaine powder trafficking as well as being a felon in possession of a firearm and using a firearm in connection with a federal drug trafficking crime (ECF No. 1, 37). On April 23, 2019, I lowered his sentence to 262 months on account of the First Step Act (ECF No. 93). He has served over 13 years of that almost 22-year sentence since his federal arrest. He says he now has a projected release date of May 20, 2025, Mot. at 2 (ECF No. 100), and a home confinement eligibility date of November 20, 2024, id. at 5. He says he is at high risk for COVID-19 because of "documented Asthma and Diabetes, compounded with being a black male and 35 year heavy smoker." "Also Obesity 5'9 240#." Mem. in Support at 3 & n.1. He says that the Warden denied his request for

---

[1] I ignore his earlier filings because he says they were filed unintentionally (ECF No. 98).

compassionate release because his "medical conditions do not fit the criteria for compassionate release." Mot. at 2 (ECF No. 100).[2]  The BOP website shows FCI Schuylkill currently as having one prisoner recovered from COVID-19 and no active cases.  See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Sept. 2, 2020), https://www.bop.gov/coronavirus/.

Judge Woodcock of this District has laid out in detail the criteria for judicial compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).[3]  See, e.g., Order on Mot. for Compassionate Release, United States v. Nygren, No. 1:16-cr-00106-JAW, 2020 WL 4208926, at *4-5 (D. Me. July 22, 2020) (ECF No. 111).  I will not repeat them all, but focus on those relevant to Goodman: What do the factors of 18 U.S.C. § 3553(a) call for?  Do "extraordinary and compelling reasons warrant" the reduction Goodman seeks? 18 U.S.C. § 3582(c)(1)(A)(i).  Is Goodman "a danger to the safety of any other person or to the community"?  U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018) (citing 18 U.S.C. § 3142(g)).

Goodman is justifiably afraid of COVID-19 given the profile he recounts. But conditions at FCI Schuylkill appear to be under control.[4]  And as I said at sentencing:

---

[2] His Exhibit A shows that the Warden denied his request June 3, 2020, so his request was made well more than 30 days before this motion, as the statute requires.  See 18 U.S.C. § 3582(c)(1)(A).
[3] Goodman also cites the CARES Act, but a defendant's ability to seek compassionate release from the court derives only from the amendment to the First Step Act.  See United States v. Murphy, No. 2:13-cr-00115-NT, 2020 WL 4606416, at *3 n.1 (D. Me. Aug. 11, 2020).
[4] In his legal memorandum, Goodman questions the reported numbers, Mem. in Support at 4, but he offers no factual contradiction.

2

> there is no question that the conviction here, with the circumstances of the loaded weapons[5] and the drugs, reflect the seriousness of the offense and they require strict punishment in order to promote respect for the law, to deter others from doing this, to deter Mr. Goodman himself.
>
> . . . [H]e has been over the course of his life in regular and recurrent trouble with the law, and even if I downplay some of the convictions as [his defense counsel] urged me to do, it does not destroy the conclusion that he is again and again breaking the law and there is, therefore, a need here to protect the public from crimes that he seems unable to stop.

Sent. Tr. at 27 (ECF No. 45).

Those observations still pertain, even in the face of the current pandemic. I conclude that the circumstances here do not present extraordinary and compelling reasons to reduce Goodman's sentence and that his recidivism risk poses a significant danger to the community. As Judge Torresen said in a different case:

> Even if [the defendant] could establish extraordinary and compelling reasons for his release, reducing his sentence would be inconsistent with the § 3553(a) factors, including protection of the public. I sentenced [the defendant] to a 235-month term of incarceration because of the seriousness of his drug offenses. See 18 U.S.C. § 3553(a)(1). Reducing [his] sentence by 70% would undercut the seriousness of the offense, respect for the law, and the need to deter future criminal conduct. See 18 U.S.C. § 3553(a)(2). Further, [his] presentence report shows a serious criminal record . . . . Given his lengthy criminal record, it would be difficult to find that the safety of the community could be assured if [the defendant] were to be granted early release.

---

[5] Goodman tries to minimize the significance of the loaded weapons that were found in a bag with the drugs:
> Goodman is not a danger to the community. He concedes weapons were found in the hotel room he was discovered staying, however there was no reports that Goodman used the weapons to threaten anyone or intimidate anyone, nor to shoot anyone. The guns were for his personal protection, not the drugs. In fact neither the CI, CD nor anyone reported this, simply because there's no truth to the guns being used to protect the drugs. It's a mere case of a paranoid addict believing he needs personal protection.

Mot. at 3-4. I am not persuaded that this mitigates the danger.

3

Order to Show Cause, United States v. Hunter, No. 2:14-cr-00122-NT, 2020 WL 4194504, at *3 (D. Me. July 21, 2020) (ECF No. 66). That reasoning applies here as well, even though the reduction Goodman requests is smaller.

I therefore **DENY** Goodman's motion for compassionate release and for appointment of counsel. I do compliment Goodman for his progress at FCI Schuylkill. He reports that he "has adjusted well at FCI Schuylkill, he is currently a follow-up member of the RDAP and is a mentor. There is no doubt Goodman has been addressing his addictions." Mot. at 4. I urge him to continue that progress.

**SO ORDERED.**

**DATED THIS 3RD DAY OF SEPTEMBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**